IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GRAYSON KASH JACKSON
a/k/a Benjamin Adam Winderweedle                                                                PETITIONER

V.                              Civil No. 2:22-cv-02014-PKH-MEF

SHERIFF JASON W. MASSEY, and
LESLIE RUTLEDGE, Arkansas Attorney General                                               RESPONDENTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Petitioner, Grayson Kash Jackson a/k/a Benjamin Adam Winderweedle, in the Eastern District of Arkansas on December 27, 2021.  (ECF No. 1).  The case was transferred to the Western District of Arkansas on January 14, 2022.  (ECF No. 3).  An Order directing service on the Respondents was entered on January 18, 2022.  (ECF No. 5).  Mail sent to the Petitioner at the Logan County Jail was returned as "undeliverable" on January 24, 2022, and no new address was available.  (ECF No. 7).  Respondent, Sheriff Jason W. Massey, filed a Motion to Dismiss and Alternative Answer on February 9, 2022.  (ECF No. 13).  Respondent, Arkansas Attorney General Leslie Rutledge, also filed a Motion to Dismiss on February 9, 2022.  (ECF No. 11).  Mail was re-sent to the Petitioner at the Lake County Jail in Waukegan, Illinois on February 11, 2022.  (ECF No. 15).  Petitioner has not responded to the motions to dismiss.  Also before the Court is Petitioner's failure to comply with this Court's Local Rules.

The pending motions to dismiss were referred to the undersigned, and the matter is ready for Report and Recommendation.

–1–

### I. Background

Jackson's § 2241 petition alleges that he is incarcerated in the Logan County jail in Paris, Arkansas. (ECF No. 1, p. 1). He alleges he is being detained and awaiting extradition to Illinois on a Governor's Warrant. *Id*. In describing his challenge, he states that no court docket number or case file had been developed for him to make pro se filings; he has been given no access to prepare affidavits, motions, etc.; the extradition paperwork is not in order; and both Governor letters conflicted with the Illinois application for requisition. *Id*. at 2. As grounds for relief, he alleges a Fourth Amendment violation, Fifth and Fourteenth Amendment violations, a First Amendment violation, as well as numerous other State and Federal Constitutional violations. *Id*. at 6-8. For relief, he asks this Court to issue a recommendation for the Arkansas Police Academy and corrections officers to be trained on Governor Warrants and the UCEA, for the extradition proceedings to be discharged and dismissed, and for a formal and public apology from Sheriff Massey and County Attorney Tyler Barham. *Id*. at 8.

In his Motion to Dismiss, Sheriff Massey advises that Jackson is no longer in his custody, or of any other official in the State of Arkansas, but he is awaiting trial in the State of Illinois. (ECF No. 13, p. 1). Sheriff Massey indicates that Jackson was extradited pursuant to a Governor's Warrant on January 14, 2022. *Id*. at 2. Sheriff Massey requests this action be dismissed pursuant to Fed.R.Civ.Pro. 12(b)(1) under the mootness doctrine or lack of a controversy due to the changed circumstances. *Id*.

As Attorney General Rutledge did not have custody of Jackson, and his petition presented no allegations that he was subject to, or challenging, future custody in Arkansas, the Attorney General argues that Jackson's petition fails to state a legally cognizable claim against her. (ECF

No. 11, p. 2). She also indicates that Illinois law-enforcement authorities took custody of Jackson on January 14, 2022, and that as a factual matter, this action has become moot and should be dismissed for lack of a justiciable controversy. *Id*.

## II.     Discussion

This Court lacks subject matter jurisdiction to consider Jackson's petition.

28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." Regarding interstate extradition, once a prisoner is in the custody of the requesting State, he cannot effectively challenge the grounds for extradition. *Beachem v. Attorney General of Missouri*, 808 F.2d 1303, 1304 (8th Cir. 1987). As Jackson is no longer in the custody of Sheriff Massey, or anyone else within the State of Arkansas, but has already been extradited to the State of Illinois, there remains no actual or ongoing controversy over which this Court can exercise jurisdiction, and the issues raised in Jackson's petition are moot.

Further, although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). This Court's Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel *to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address*, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice*. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2) (emphasis added).

Mail sent by the Court to Jackson was returned to the Court on January 24, 2022, marked as "undeliverable" with no new address available. More than 30 days have passed since mail sent to Jackson was returned to the Court, and Jackson has failed to notify the Court of any change of address, nor has he otherwise communicated with the Court. Accordingly, pursuant to Local Rule 5.5(c)(2), Jackson's § 2241 petition is also subject to dismissal without prejudice for failure to comply with the Court's Local Rules.

### III.  Conclusion

For the reasons stated above, this Court does not have subject matter jurisdiction of Jackson's habeas corpus claims brought under 28 U.S.C. § 2241 regarding his interstate extradition. His § 2241 petition has been mooted by his extradition to the State of Illinois, and there is no longer a justiciable controversy before this Court. Jackson's § 2241 petition is also subject to dismissal for failure to comply with the Court's Local Rules.

It is, therefore, recommended that Jackson's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED without PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of March 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE